# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1578

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Walter J. Hill, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 13, 2008
Filed: March 9, 2009

_____

Before COLLOTON, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Walter J. Hill appeals from the order of the District Court[1] denying his motion to suppress evidence. We affirm.

In March 2007, the Kansas City, Missouri, Police Department was searching for a female murder suspect who reportedly had changed her appearance to look like a man. A detective working the case saw several people leave the Kansas City

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, adopting the Report and Recommendation of the Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri.

residence where police believed the murder suspect was staying. When those people got into a Buick LeSabre and drove away, the detective asked two officers to do a vehicle check to see if the suspect was among those in the car. The officers followed the LeSabre for a short distance and observed the driver commit three traffic violations (failing to signal twice and driving in the wrong lane) before pulling the car over.

The LeSabre's windows were darkly tinted, so the officers asked the occupants to roll down the windows. When they did so, one of the officers saw a rifle barrel on the floor of the back seat near Hill's feet. The occupants were removed from the car and detained for various reasons. The LeSabre was searched before it was towed. Officers found two rifles and ammunition. Hill was charged in a one-count indictment as a felon in possession of a firearm. The District Court, after an evidentiary hearing, denied Hill's motion to suppress the evidence retrieved from the LeSabre. Hill then entered a conditional guilty plea, reserving the right to appeal the denial of his suppression motion. He now exercises that right. We review the District Court's factual findings for clear error and its legal conclusions de novo. United States v. Cartier, 543 F.3d 442, 445–46 (8th Cir. 2008), cert. denied, ___ U.S. ___ (2009).

For his only issue on appeal, Hill contends that the reliability of the Kansas City Police Department's confidential informant was unverified and the information received from that person was so vague that the officers' "seizure" of Hill "was not supported by reasonable suspicion." Br. of Appellant at 4. We assume Hill is referring to the information that police received regarding the murder suspect, which led them to the residence where the individuals were observed getting into the LeSabre. But the officers did not develop reasonable suspicion or probable cause to stop the LeSabre because of any information that was given to the police by an informant. When the officers stopped the vehicle, they had seen the driver commit three traffic violations, a fact that Hill does not dispute, and that is why they had probable cause to stop the car. It is irrelevant how the officers came to be in the

neighborhood or who they thought might have been in the LeSabre when they pulled it over.  The traffic violations supplied the necessary probable cause for the officers to make the stop, and as we have said many times, such a stop does not violate the Fourth Amendment.  See, e.g., United States v. Sallis, 507 F.3d 646, 649 (8th Cir. 2007).  This is true regardless of any subjective reason the officers may have had for stopping the vehicle.  See Whren v. United States, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").

We see no error of law or fact and affirm the order denying Hill's motion to suppress.

_____